IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TONNI LAJE HURTADO,

                Petitioner,

v.

WARDEN, FCI OXFORD,

                Respondent.

OPINION and ORDER

24-cv-796-wmc

---

     Representing himself, petitioner Tonni Laje Hurtado seeks a federal writ of habeas corpus under 28 U.S.C. § 2241 to challenge the calculation of his sentence by the United States Bureau of Prisons ("BOP"). (Dkt. #1.) Specifically, petitioner contends that he has been wrongly denied earned time credits under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), which would shorten the length of his imprisonment because he is a deportable alien subject to a final order of removal. The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which the court may apply to § 2241 petitions. *See* Rule 1(b), Rules Governing Section 2254 Cases. Under Rule 4, the court may dismiss a petition if it plainly appears that the petitioner is not entitled to relief. After considering all of petitioner's submissions and the applicable law, the petition will be denied and this case will be dismissed for the reasons explained below.

OPINION

     Petitioner, who is a native and citizen of Ecuador, is currently confined at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"), as the result of a 2018 conviction from the United States District Court for the Middle District of Florida for

conspiracy to possess with intent to distribute five kilograms or more of cocaine while on a vessel. (Dkt. #1-5, at 1; Dkt. #1-7, at 1). Petitioner received a sentence of 120 months' imprisonment in that case. (Dkt. #1-7, at 1.) His projected release date is June 16, 2025. (*Id*.) Petitioner argues, however, that he would be entitled to immediate release if the BOP recalculated his sentence to include time credits earned under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), also known as FSA Time Credits ("FTCs"). (Dkt. #1, at 1.) The First Step Act provides eligible inmates the opportunity to earn these time credits, which apply toward time in prerelease custody or early transfer to supervised release through successful participation in "evidence-based recidivism reduction programs or productive activities[.]" 18 U.S.C. § 3632(d)(4)(C).

A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). To obtain a writ of habeas corpus, a prisoner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). Before seeking relief in federal court, however, a prisoner must exhaust administrative remedies. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (observing that the "common-law exhaustion rule applies to § 2241 actions"); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (per curiam) (courts may "review a claim concerning the computation of a sentence only after administrative remedies have been exhausted").

Petitioner concedes that he did not exhaust all available administrative remedies before filing his petition, but argues that exhaustion should be excused because it would be futile.

(Dkt. #1, at 2.) The court need not resolve whether petitioner may be excused from the exhaustion requirement because his claim fails on the merits.

Exhibits provided by petitioner include a Notice and Order of Expedited Removal dated May 31, 2024, finding petitioner inadmissible under federal immigration laws and ordering him removed from the United States. (Dkt. #1-5, at 2.) The expedited removal order is signed by a deportation officer and approved by a supervisor. (*Id.*) An expedited removal order is final when it orders an alien deported because such an order is not subject to administrative review. *See* 8 C.F.R. § 235.3(b)(2)(ii); *see also Ceron v. Engelman*, No. 23-cv-3388, 2024 WL 967858, at *2 (C.D. Cal. Jan. 24, 2024), R&R adopted by 2024 WL 968850 (C.D. Cal. Mar. 6, 2024). Prisoners who are under a final order of removal are expressly excluded from eligibility for FTCs under the First Step Act. *See* 18 U.S.C. § 3632(d)(4)(E)(i) ("A prisoner is ineligible to apply time credits under subparagraph C if the prisoner is the subject of a final order of removal under any provision of the immigration laws[.]"); *see also* 28 C.F.R. § 523.44(a)(2) (stating that the BOP "may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release" for prisoners subject to a final order of removal under immigration laws).

Petitioner contends that his expedited removal order is not "final" because he is seeking asylum and his appeal is pending in immigration court. (Dkt. #1, at 2.) Any challenge to petitioner's removal order is precluded by the REAL ID Act, which eliminates review under 28 U.S.C. § 2241; rather a petition for review with the court of appeals for the judicial circuit in which the immigration judge who completed the proceedings "shall be the sole and exclusive means for judicial review[.]" 8 U.S.C. §§ 1252(a)(5), 1252(b)(2). Unless and until petitioner prevails in proceedings before the immigration courts or a court of appeals, his expedited order

3

of removal remains valid. *See Herrera v. Rardin*, No. 4:24-cv-11429, 2024 WL 5059149, at *6 (E.D. Mich. Dec. 10, 2024). As a result, petitioner fails to show that FTCs apply to shorten his term of imprisonment or that his sentence has been calculated incorrectly. Because he is not entitled to relief under 28 U.S.C. § 2241, his petition must be denied.

ORDER

IT IS ORDERED that:

1. The habeas corpus petition filed by Tonni Laje Hurtado (dkt. #1) is DENIED.
2. This case is DISMISSED with prejudice.

Entered on this 14th day of January, 2025.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge